# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| ALASKA MARINE LINES, INC, <br><br> Plaintiff, <br><br> v. <br><br> DUNLAP TOWING COMPANY,, <br><br> Defendant. | Civil Action No. 2:21-cv-00842 <br><br> DUNLAP TOWING COMPANY'S NOTICE OF REMOVAL |

**TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON:**

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1333, 1441(a), and 1446, Defendant Dunlap Towing Company ("Dunlap") hereby gives notice of removal of the action captioned *Alaska Marine Lines, Inc. v. Dunlap Towing Company*, bearing Index No. 21-2-07477-1 SEA from the Superior Court of the State of Washington for the County of King to the United States District Court for the Western District of Washington. Pursuant to 28 U.S.C. § 1446(a), Dunlap provides the following statement of grounds for removal.

**I.    PROCEDURAL HISTORY**

1.    Plaintiff Alaska Marine Lines, Inc. ("AML") commenced this lawsuit in the Superior Court of the State of Washington for the County of King by filing a complaint bearing Index No. 21-2-07477-1 SEA on or about June 7, 2021.

DUNLAP TOWING COMPANY'S
NOTICE OF REMOVAL - 1

COLLIER WALSH NAKAZAWA LLP
450 Alaskan Way South, Suite 200
Seattle, Washington 98104
(206) 502 4251

2. Pursuant to 28 U.S.C. § 1446(a) and United States District Court for the Western District of Washington Local Civil Rule 101(b)(1), attached to this Notice are true and correct copies of all process, pleadings, and orders served upon the Defendant. *See* Exhibits A-D.

3. Pursuant to United States District Court for the Western District of Washington Local Civil Rule 101(b)(2), filed herewith is a certificate of service listing all counsel who have appeared in this action with their contact information.

## II. FEDERAL JURISDICTION

4. This case is removable under 28 U.S.C. § 1441(a), which provides: "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

5. This case is one "of which the district courts of the United States have original jurisdiction" because it falls within federal admiralty jurisdiction under 28 U.S.C. § 1333(1), which provides: "The district courts shall have original jurisdiction, exclusive of the courts of the States, of … [a]ny civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled." *See Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1069 (9th Cir. 2001) (explaining that admiralty cases fall within federal courts' original jurisdiction).

6. The Complaint makes clear that this case falls within federal admiralty jurisdiction under § 1333(1). AML alleges that its claim against Dunlap concerns damage sustained by the barge NANA PROVIDER while being towed by the vessel POLAR KING in the vicinity of Seymour Narrows, British Columbia, on or about November 9, 2019. The grounding of the barge concerns an alleged maritime tort and AML claims Dunlap is liable for negligence and/or gross negligence. The complaint also alleges a claim under a Standing Time Charter ("STC") between AML and Dunlap. The STC is a maritime contract and AML alleges Dunlap is liable for breach of contract.

DUNLAP TOWING COMPANY'S
NOTICE OF REMOVAL - 2

COLLIER WALSH NAKAZAWA LLP
450 Alaskan Way South, Suite 200
Seattle, Washington 98104
(206) 502 4251

7.     Federal courts have long considered actions involving maritime torts and maritime contracts to be within the admiralty jurisdiction of the federal courts under 28 U.S.C. § 1333 and governed by federal maritime law.

8.     With respect to AML's claims for negligence and gross negligence, federal courts have admiralty jurisdiction when "(1) the alleged wrong occurred on or over navigable waters, and (2) the wrong bears a significant relationship to traditional maritime activity." *Williams v. United States*, 711 F.2d 893, 896 (9th Cir.1983). "[V]irtually every activity involving a vessel on navigable waters" is a "traditional maritime activity sufficient to invoke maritime jurisdiction." *See Taghadomi v. United States*, 401 F.3d 1080, 1087 (9th Cir. 2005) (quoting *Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co.*, 513 U.S. 527, 542 (1995)). Admiralty jurisdiction governs whether or not plaintiffs label their case an admiralty case. *See Adamson v. Port of Bellingham*, 907 F.3d 1122, 1126 (9th Cir. 2018).

9.     With respect to AML's breach of contract claim, charter parties have long been held to be maritime contracts and claims arising under such contracts fall within federal admiralty jurisdiction. See, e.g., *Insurance Company v. Dunham*, 78 U.S.1, 26 (1870); *Morewood v. Enequist*, 64 U.S. 491 (1860); *The Ada*, 250 F. 194 (2d Cir. 1980); and Gilmore & Black, *The Law of Admiralty* 193 (1975).

10.    AML's case is unquestionably an admiralty case and thus is removable under § 1441(a).

11.    AML cannot rely on § 1333(1)'s "savings to suitors" clause to prevent removal because this case is removable as "a civil action … of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a).

12.    Prior to 2011, the relevant federal removal statute provided that defendants could remove "[a]ny civil action of which the district courts have original jurisdiction" only so long as the case was "founded on a claim or right arising under the Constitution, treaties or laws of the United States." 28 U.S.C. § 1441(b) (2006). Several courts interpreted this prior language to mean that admiralty cases were not removable to federal court unless there was an independent basis for

DUNLAP TOWING COMPANY'S
NOTICE OF REMOVAL - 3

COLLIER WALSH NAKAZAWA LLP
450 Alaskan Way South, Suite 200
Seattle, Washington 98104
(206) 502 4251

federal subject matter jurisdiction beyond admiralty. *See, e.g.*, *Morris v. TE Marine Corp.*, 344 F.3d 439, 444 (5th Cir. 2003); *see also Morris v. Princess Cruises*, 236 F.3d at 1069 (suggesting the same). The rationale of these decisions was that admiralty claims, although within the original jurisdiction of federal district courts under 28 U.S.C. § 1333, do not technically "aris[e] under" federal law as a substantive matter. *See TE Marine*, 344 F.3d at 444.

13. But Congress in 2011 eliminated § 1441's "arising under" limitation. *See* Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. No. 112-63, 125 Stat. 759. The statute now broadly permits removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction" unless "otherwise expressly provided by Act of Congress." 28 U.S.C. § 1441(a) (2018). As several courts have held, this critical change makes admiralty cases removable: There is no question that an admiralty case is "a civil action … of which the district courts of the United States have original jurisdiction," and thus it is removable regardless of whether it arises under federal law. *See Lu Junhong v. Boeing Co.*, 792 F.3d 805, 817 (7th Cir. 2015); *Genusa v. Asbestos Corp.*, 18 F. Supp. 3d 773, 790 (M.D. La. 2014); and *Ryan v. Hercules Offshore, Inc.*, 945 F. Supp. 2d 772, 778 (S.D. Tex. 2013).[1]

14. Thus, this case is removable under § 1441(a) because, as an admiralty case, it falls within the original jurisdiction of the federal district courts.

### III. VENUE

15. The Superior Court of the State of Washington for the County of King is located within the Western District of Washington. Removal to this Court thus satisfies the venue requirement of 28 U.S.C. § 1446(a).

### IV. TIMELINESS

16. AML commenced this lawsuit on or about June 7, 2021.

---

[1] *But see Coronel v. AK Victory,* 1 F. Supp. 3d 1175 (W.D.Wa. 2014). The United States Supreme Court and the Ninth Circuit Court of Appeals have not issued a ruling as to the removability of admiralty cases under 28 U.S.C. § 1441(a) (2018).

DUNLAP TOWING COMPANY'S
NOTICE OF REMOVAL - 4

COLLIER WALSH NAKAZAWA LLP
450 Alaskan Way South, Suite 200
Seattle, Washington 98104
(206) 502 4251

17. Dunlap received a copy of the Summons and Complaint by email on or about June 7, 2021. Therefore, this Notice of Removal is timely under 28 U.S.C. § 1446(b)(1).

## V. NOTICE

18. The written notice required by 28 U.S.C. § 1446(d) will be filed simultaneously in the Superior Court of the State of Washington for the County of King with the filing of this Notice of Removal and will be promptly served on Plaintiff.

## VI. RESERVATION OF ALL AVAILABLE RIGHTS AND DEFENSES

19. By filing this notice of removal, Defendant does not waive any legal defenses and expressly reserves the right to raise any and all legal defenses in subsequent proceedings.

20. If any question arises as to the propriety of this removal, Defendant requests the opportunity to present written and oral argument in support of removal.

## VII. CONCLUSION

21. WHEREFORE, Defendant removes this lawsuit from the Superior Court of the State of Washington for the County of King to the United States District Court for the Western District of Washington pursuant to 28 U.S.C. §§ 1333, 1441, and 1446 (and any other applicable laws).

DATED this 23rd day of June, 2021        COLLIER WALSH NAKAZAWA LLP


　　　　　　　　　　　　　　　　　　　　　　/s/ Barbara L. Holland
　　　　　　　　　　　　　　　　　　　　Barbara L. Holland, WSBA #11852
　　　　　　　　　　　　　　　　　　　　barbara.holland@cwn-law.com
　　　　　　　　　　　　　　　　　　　　450 Alaskan Way South, Suite 200
　　　　　　　　　　　　　　　　　　　　Seattle, Washington 98104
　　　　　　　　　　　　　　　　　　　　Phone (206) 502 4251
　　　　　　　　　　　　　　　　　　　　Fax (206) 502 4253

　　　　　　　　　　　　　　　　　　　　Attorneys for DUNLAP TOWING COMPANY

DUNLAP TOWING COMPANY'S
NOTICE OF REMOVAL - 5

COLLIER WALSH NAKAZAWA LLP
450 Alaskan Way South, Suite 200
Seattle, Washington 98104
(206) 502 4251

| | |
|---|---|
| 1  DATED this 23rd day of June, 2021 | BLANK ROME LLP |

                                                                        /s/ John D. Kimball
                                        John D. Kimball*
                                        jkimball@blankrome.com
                                        1271 Avenue of the Americas
                                        New York, NY 10020
                                        Phone (212) 885-5000
                                        Fax (212) 885-5001

                                        Attorneys for DUNLAP TOWING COMPANY
                                        *pro hac vice application to be submitted*

DUNLAP TOWING COMPANY'S
NOTICE OF REMOVAL - 6

COLLIER WALSH NAKAZAWA LLP
450 Alaskan Way South, Suite 200
Seattle, Washington 98104
(206) 502 4251