THE HONORABLE RICHARD A. JONES

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| ALASKA MARINE LINES, INC, <br><br> Plaintiff, <br><br> v. <br><br> DUNLAP TOWING COMPANY, <br><br> Defendant. | Civil Action No. 2:21-cv-00842-RAJ-MLP <br><br> **IN ADMIRALTY** <br><br> **DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND** <br><br> **ORAL ARGUMENT REQUESTED** |

## DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

Defendant Dunlap Towing Company ("Defendant" or "Dunlap"), by and through its attorneys, Collier Walsh Nakazawa and Blank Rome LLP, respectfully submits this brief in opposition to Plaintiff Alaska Marine Lines, Inc.'s ("Plaintiff" or "AML") Motion to Remand. (Dkt. 15.)

## PROCEDURAL BACKGROUND

Plaintiff commenced this lawsuit in the Superior Court of the State of Washington in and for the County of King, by filing a complaint bearing Index No. 21-2-07477-1 SEA on or about June 7, 2021. AML alleges that its claim against Dunlap concerns damage sustained by the barge NANA PROVIDER while being towed by the vessel POLAR KING in the vicinity of Seymour Narrows, British Columbia, on or about November 9, 2019. The grounding of the barge concerns an alleged maritime tort and AML claims Dunlap is liable for negligence and/or gross negligence. The complaint also alleges a claim under a Standing Time Charter ("STC") between AML and

DEFENDANT'S OPPOSITION TO MOTION TO REMAND - 1
CASE NO. 2:20-cv-00842-RAJ-MLP

COLLIER WALSH NAKAZAWA LLP
450 Alaskan Way South, Suite 200
Seattle, Washington 98104
(206) 502 4251

1  Dunlap.  The STC is a maritime contract and AML alleges Dunlap is liable for breach of contract. (Dkt. 1-1.)  The parties agree the claims asserted in this case are maritime contract and maritime tort claims.  (Dkt. 1 at ¶¶ 6, 10; Dkt. 15 at p. 2.)

On June 23, 2021, Defendant filed a Notice of Removal in the Western District of Washington pursuant to 28 U.S.C. § 1441 (a).  (Dkt. 1.)  Defendant's notice asserts that removal is permitted under 28 U.S.C. § 1441(a) because "the district courts of the United States have original jurisdiction" as Plaintiff's complaint falls within federal admiralty jurisdiction under 28 U.S.C. § 1333(1) (Dkt. 1 at ¶¶ 4-5).  Defendant's notice stated the basis for removal in detail.

On July 22, 2021, Plaintiff filed a First Amended Complaint in the Western District of Washington at Seattle.  (Dkt. 14.)  The Amended Complaint admits this Court has jurisdiction over the action pursuant to § 28 U.S.C. 1333(1).  (Dkt. 14 at ¶ 2.2.)

On July 22, 2021, Plaintiff filed a Motion to Remand arguing that cases filed in state court pursuant to § 28 U.S.C. 1333(1)'s "Saving-to-Suitors Clause" are not removable in the absence of diversity or federal question jurisdiction.  (Dkt. 15 at p. 1.)

This case is removable under 28 U.S.C. § 1441(a), which provides: "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  This case is one "of which the district courts of the United States have original jurisdiction" because it falls within federal admiralty jurisdiction under 28 U.S.C. § 1333(1), which provides: "The district courts shall have original jurisdiction, exclusive of the courts of the States, of … [a]ny civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled."

/ / /

/ / /

DEFENDANT'S OPPOSITION TO MOTION TO REMAND - 2
CASE NO. 2:20-cv-00842-RAJ-MLP

COLLIER WALSH NAKAZAWA LLP
450 Alaskan Way South, Suite 200
Seattle, Washington 98104
(206) 502 4251

# ARGUMENT

## 28 U.S.C. § 1441 PERMITS A CASE TO BE REMOVED IF THERE IS ADMIRALTY JURISDICTION IN THE FEDERAL COURT

Plaintiff makes three main arguments as to why this case should be remanded to the state court: (1) the 2011 Amendment to 28 U.S.C. § 1441 ("2011 Amendment") did not negate the requirement that an independent basis for jurisdiction other than admiralty must exist for a case to be removed under the statute; (2) other District Courts within the Ninth Circuit have held that maritime cases filed "at law" are not removeable despite the 2011 Amendment; and (3) District Courts outside the Ninth Circuit have held that maritime cases filed "at law" are not removable despite the 2011 Amendment. For the reasons discussed below, Plaintiff's arguments should be rejected and its remand motion should be denied.[1]

Dunlap relies primarily on the decision of the United States Court of Appeals for the Seventh Circuit in *Lu Junhong v. Boeing*, 792 F.3d 805 (7th Cir. 2015) and the detailed analysis of the issue in *Ryan v. Hercules Offshore, Inc.*, 945 F. Supp. 2d 772 (S.D. Tex. 2013) to support its position. While Plaintiff seeks to paint Defendant's position as a "disfavored minority view" (Dkt. 15 p. 3), the fact remains that the United States Supreme Court and Ninth Circuit have not ruled on the issue, nor has any federal appeals court other than the Seventh Circuit. More specifically, the Seventh Circuit ruled that *Romero v. Int'l Terminal Operating Co.*, 358 U.S. 354 (1959) was inapplicable because the 2011 Amendment removed the "arising under" and "other" language under which *Romero*'s holding that maritime claims do not "arise under" federal law would have been relevant. *Id.* at 817. Section 1441(a) still permits federal courts to hear cases over which they have original jurisdiction while § 1333(1) still grants original jurisdiction over admiralty claims to federal courts; therefore, when the language of § 1441(b) changed, the barrier to removal under admiralty jurisdiction alone was eliminated. Thus, the plain language of the amended statute allows removal if there is original jurisdiction in the federal court in admiralty

---

[1] Defendant denies any liability to Plaintiff and filed an Answer to Plaintiff's First Amended Complaint on July 27, 2021 (Dkt. 18).

DEFENDANT'S OPPOSITION TO MOTION TO REMAND - 3
CASE NO. 2:20-cv-00842-RAJ-MLP

COLLIER WALSH NAKAZAWA LLP
450 Alaskan Way South, Suite 200
Seattle, Washington 98104
(206) 502 4251

and there is otherwise no statutory bar to removal. Plaintiff's attempt to distinguish *Lu Junhong* by contending the Court did not *sua sponte* invoke the savings to suitors clause is misplaced.[2] (Dkt. 15 at p. 8.) The Court clearly explained why *Romero* and all other pre-2011 decisions "no longer provide assistance." *Lu Junhong*, 792 F.3d at 817.

The Fifth Circuit Court of Appeals recognized the difficulty and uncertainty surrounding this issue in *Sangha v. Navig8 ShipManagement Private Ltd.*, 882 F.3d 96, 100 (5th Cir. 2018). In reviewing whether the district court abused its discretion in addressing issues of personal jurisdiction and *forum non conveniens* before first addressing the question of subject-matter jurisdiction, the *Sangha* court stated that the question of "whether the saving-to-suitors clause of the federal maritime statute prohibits removal of general maritime claims absent an independent basis for federal jurisdiction in light of Congress's December 2011 amendment to the federal removal statute—is not clear." *Id.* The Court acknowledged that it has not yet spoken directly on this issue and this has created a split among district courts. *Id.* (citing *Riverside Constr. Co., Inc. v. Entergy Miss., Inc.*, 626 Fed. Appx. 443, 447 (5th Cir. 2015)).

Plaintiff also mischaracterizes the prevailing views on *Ryan*. *Ryan* was correctly decided and explains very thoroughly why removal should be upheld in the present case: the underlying dispute falls within admiralty jurisdiction and could have been filed in federal court. As Judge Miller correctly explained with respect to Section 1441, "[u]nder the amendment, as under the prior version, federal district courts may exercise removal jurisdiction over cases for which they have original jurisdiction unless an act of Congress prohibits that exercise of jurisdiction. Section 1441(b), however, is no longer an 'Act of Congress' prohibiting that exercise in admiralty cases involving non-diverse parties." *Ryan*, 945 F. Supp. 2d at 777. Further, contrary to Plaintiff's assertion, Judge Miller did not "abandon that position" in *Sanders v. Cambrian Consultants (CC) Am., Inc.*, 132 F. Supp. 3d 853, 858 (S.D. Tex. 2015) (Dkt. 15 at p. 7.) Indeed, Judge Miller reiterated that *Ryan* was correctly decided and that subsequent rulings going the other way did not

---

[2] In fact, by declaring that the saving-to-suitors clause did not concern subject matter jurisdiction, the *Lu Junhong* court implicitly ruled that the difference between maritime claims brought at common law in state courts under the saving-to-suitors clause and maritime claims brought under admiralty jurisdiction in federal court did not matter for jurisdictional purposes.

DEFENDANT'S OPPOSITION TO MOTION TO REMAND - 4
CASE NO. 2:20-cv-00842-RAJ-MLP

COLLIER WALSH NAKAZAWA LLP
450 Alaskan Way South, Suite 200
Seattle, Washington 98104
(206) 502 4251

"cause the court to waiver in its confidence in its decision in the *Ryan* case." *Sanders*, 132 F. Supp. 3d at 858.

Plaintiff also suggests *Genusa v. Asbestos Corp.*, 18 F. Supp. 3d 773 (M.D. La. 2014) is not relevant because the court concluded the "traditional maritime activity" prong of the jurisdictional analysis was not satisfied. (Dkt. 15 at pp. 7-8.) However, *Genusa* supports removal, favorably citing numerous cases in which removal was permitted. *See Genusa*, 18 F.Supp.3d at 790 ("this court has held that the current version of 28 U.S.C. § 1441 allows removal of general maritime claims without requiring an additional source of federal jurisdiction" and citing cases). And, although the *Genusa* court held that the claim at issue was not a maritime claim under The Longshore and Harbor Workers' Compensation Act or within the court's admiralty jurisdiction, it is clear from the decision the court would have allowed removal if it found the underlying claim was within the admiralty jurisdiction.

Plaintiff looks primarily to *Coronel v. AK Victory*, 1 F. Supp. 3d 1175 (W.D. Wash. 2014) for its argument that the 2011 Amendment did not disturb the principle that Section 1331(1)'s savings-to-suitors clause allows a plaintiff to prevent removal where the only basis for federal jurisdiction is admiralty. We respectfully disagree with the decision in *Coronel* and its determination that the federal courts do not have "original jurisdiction" over maritime claims filed "at law." Such a distinction puts form well above substance and ignores the long-settled rule that U.S. maritime law must be applied to maritime claims whether they are filed in federal or state court. *See*, *e.g.*, *Southern Pacific Co. v. Jensen*, 244 U.S. 205 (1917). While there are district court opinions from within and outside of the Ninth Circuit that support Plaintiff's argument, we respectfully submit the Seventh Circuit's analysis of the 2011 Amendments in *Lu Junhong* should be given greater weight than the contrary opinion of district courts. Additionally, the Seventh Circuit's decision was issued in 2015, a year after *Coronel*.

We note that while Judge Robart discussed the then current case law concerning the removal issue at some length, he wrote: "The Court declines to join this debate." 1 F. Supp.3d at 1189. With respect to the claims at issue, he further noted, "in light of these principles, the court

DEFENDANT'S OPPOSITION TO MOTION TO REMAND - 5
CASE NO. 2:20-cv-00842-RAJ-MLP

COLLIER WALSH NAKAZAWA LLP
450 Alaskan Way South, Suite 200
Seattle, Washington 98104
(206) 502 4251

concludes that federal jurisdiction over Plaintiff's general maritime claims does not lie." *Id.* But that is not the case here. Plaintiff concedes there is federal admiralty jurisdiction of its claims in its First Amended Complaint.[3]

## CONCLUSION

For the reasons stated above, defendant Dunlap respectfully requests that Plaintiff's motion be denied and the Court should grant such other relief it may consider appropriate.

Should the Court disagree with Defendant's position and grant Plaintiff's motion to remand, Defendant respectfully requests that the Court certify the order for interlocutory review under 28 U.S.C. § 1292(b) as one involving a "controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation" so that Defendant may have the opportunity to address this important issue with the Ninth Circuit Court of Appeals. *See Tennessee Gas Pipeline v. Houston Casualty Ins. Co.*, 87 F.3d 150 (5th Cir. 1996); *J.P. v. Connell*, 93 F.Supp.3d 1298 (M.D. Fl. 2015); *Pittman v. Port Allen Marine Serv's*, 794 F.Supp.593 (M.D. La. 1992).

Dated this 9 day of August, 2021         BLANK ROME, LLP

/s/ John D. Kimball
John D. Kimball*
jkimball@blankrome.com
1271 Avenue of the Americas
New York, NY 10020
Phone (212) 885-5000
Fax (212) 885-5001

---

[3] The underlying claim at issue in *Coronel* was a Jones Act personal injury claim which was not removable in any event under 28 U.S.C. § 1445(a). *Coronel*, 1 F. Supp.3d at 1189-90.

DEFENDANT'S OPPOSITION TO MOTION TO REMAND - 6
CASE NO. 2:20-cv-00842-RAJ-MLP

COLLIER WALSH NAKAZAWA LLP
450 Alaskan Way South, Suite 200
Seattle, Washington 98104
(206) 502 4251

Emma C. Jones*
ejones@blankrome.com
1825 Eye Street NW
Washington, D.C. 20006
Phone (202) 420-2200
Fax (202) 420-2201

*admitted pro hac vice

COLLIER WALSH NAKAZAWA LLP

/s/ Barbara L. Holland
Barbara L. Holland, WSBA #11852
Barbara.holland@cwn-law.com
450 Alaskan Way South, Suite 200
Seattle, WA 98104
Phone (206) 502-4251
Fax (206) 502-4253

Attorneys for DUNLAP TOWING COMPANY

DEFENDANT'S OPPOSITION TO MOTION TO REMAND - 7
CASE NO. 2:20-cv-00842-RAJ-MLP

COLLIER WALSH NAKAZAWA LLP
450 Alaskan Way South, Suite 200
Seattle, Washington 98104
(206) 502 4251