THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALASKA MARINE LINES, INC., a Washington corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>DUNLAP TOWING COMPANY, a Washington corporation,<br><br>Defendant, | CASE NO.: **2:21-cv-00842-RAJ-MLP**<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO REMAND**<br><br>**ORAL ARGUMENT REQUESTED** |

Dunlap Towing Company ("Dunlap") fails to meet its burden[1] of establishing removal was proper. For this reason, Alaska Marine Lines, Inc.'s ("AML") Motion to Remand should be granted.

**A.    Lu Junhong is Distinguishable, Because it Fails to Address the Saving to Suitors Clause.**

Dunlap argues AML's "attempt to distinguish Lu Junhong by contending the Court did not *sua sponte* invoke the saving to suitors clause is misplaced." Response (Dkt. #19) 4:1-2. Dunlap is mistaken. AML's position is very well supported. Every district court to consider the issue concluded Lu Junhong v. Boeing Co., 792 F.3d 805 (7th Cir. 2015), does not address the saving to suitors clause, and distinguished the case on that basis. See Alexis v. Hilcorp Energy Co., 493 F. Supp. 3d 497, 506 (E.D. La. 2020) ("[T]he [Lu Junhong] court simply declined to

---

[1] "[T]he burden on removal rests with the removing defendant.'" Coronel v. AK Victory, 1 F. Supp. 3d 1175, 1178 (W.D. Wash. 2014).

REPLY IN SUPPORT OF
MOTION TO REMAND– 1
CASE NO.: 2:21-cv-00842-RAJ-MLP

LAW OFFICES OF
**NICOLL BLACK & FEIG**
A PROFESSIONAL LIMITED LIABILITY COMPANY
1325 FOURTH AVENUE, SUITE 1650
SEATTLE, WASHINGTON 98101
206-838-7555

consider the issue because the plaintiffs did not mention the [saving to suitors] clause or make the argument."); Southeastern Dock & Platform, LLC v. Atl. Specialty Ins. Co., No. CV 9:20-1204-RMG, 2020 WL 5105322, at *3 n.1 (D.S.C. Aug. 31, 2020) ("[T]he Lu Junhong court appears to have *not even considered* whether the saving-to-suitors clause … forbids removal." (internal quotes omitted; emphasis in original)); Pelagidis v. Future Care, Inc., No. CV H-17-3798, 2018 WL 2221838, at *7 (S.D. Tex. May 15, 2018) ("[T]he Seventh Circuit did not consider the impact of the saving-to-suitors clause in its decision."); Glazer v. Honeywell Int'l. Inc., No. CV 16-7714, 2017 WL 1943953, at *6 (D.N.J. May 10, 2017) ("[T]he Lu Junhong court never addressed whether the savings-to-suitors clause survived the 2011 amendment to Section 1441."). This Court should reject Dunlap's argument, and instead join the other district courts that have found Lu Junhong distinguishable due to the fact the opinion self-admittedly does not address the saving to suitors clause.

**B.     Lu Junhong Has Not Been Followed, Even Within the Seventh Circuit.**

Dunlap urges this Court to adopt the reasoning of Lu Junhong, and find that the 2011 amendments effectively eliminated the saving to suitors clause. See Response (Dkt. #19) 3:12-4:4. Dunlap, however, does not cite even a single case adopting Lu Junhong's reasoning. See generally Response (Dkt. #19).

Lu Junhong has not been followed. Even district courts within the Seventh Circuit have rejected Lu Junhong's reasoning. In Brown v. Porter, 149 F. Supp. 3d 963 (N.D. Ill. 2016), the Northern District of Illinois engaged in a detailed analysis of the case law addressing the effect of the 2011 amendments to 28 U.S.C. § 1441, specifically including Lu Junhong. Brown, 149 F. Supp. 3d at 970. Then, "[h]aving carefully reviewed the arguments both pro and con," the Brown court held that it "agrees with the decisions holding that the amendment to § 1441(b) did not disturb the settled principle that § 1331(1)'s saving-to-suitors clause allows a plaintiff to forestall removal where the only basis for federal jurisdiction is the admiralty jurisdiction." Id. The Brown court also criticized Lu Junhong's interpretation of Romero, an interpretation

REPLY IN SUPPORT OF
MOTION TO REMAND– 2
CASE NO.: 2:21-CV-00842-RAJ-MLP

LAW OFFICES OF
**NICOLL BLACK & FEIG**
A PROFESSIONAL LIMITED LIABILITY COMPANY
1325 FOURTH AVENUE, SUITE 1650
SEATTLE, WASHINGTON 98101
206-838-7555

Dunlap urges this Court to adopt. See Response (Dkt. #19) 4:3-4; Brown, 149 F. Supp. 3d at 972 ("Nowhere does Romero actually make the point attributed to it by Lu Junhong; in fact, Romero expressly held . . . that all admiralty cases (again, absent an independent jurisdictional basis like diversity) were non-removable, and not just those where a defendant is a citizen of the forum State."). Because district courts within the Seventh Circuit and elsewhere do not find Lu Junhong controlling or even persuasive on this issue, this Court should not either.

**C.    Ryan is Widely Criticized, and No Longer Followed.**

Dunlap contends AML "mischaracterizes the prevailing views on Ryan." Response (Dkt. #19) 4:15-16. Dunlap further contends Judge Miller, who authored the Ryan opinion, did not change his position. Id. at 4:22-24. Dunlap is incorrect on both points.

There is no question regarding the prevailing views on Ryan: the vast majority of district courts have declined to adopt its reasoning. See, e.g., Gonzalez v. Red Hook Container Terminal LLC, No. 16CV5104NGGRER, 2016 WL 7322335, at *3 (E.D.N.Y. Dec. 15, 2016) ("Courts in this jurisdiction and elsewhere have predominantly rejected the Ryan interpretation"); Ibarra v. Port of Houston Auth. of Harris Cty., No. CV H-20-4227, 2021 WL 1114290, at *8 (S.D. Tex. Mar. 17, 2021) ("[T]he majority of district courts considering this question – including this court – have rejected the Ryan court's reasoning."); Nassau Cty. Bridge Auth. v. Olsen, 130 F. Supp. 3d 753, 763 (E.D.N.Y. 2015) ("The court further notes that its decision is in accordance with the majority of district courts, which have thus far declined to follow Ryan.").

Numerous district courts recognize Judge Miller changed his position following Ryan, and adopted the majority view instead. See, e.g., Ibarra v. Port of Houston Auth. of Harris Cty., No. CV H-20-4227, 2021 WL 1114290, at *9 (S.D. Tex. Mar. 17, 2021) ("[E]ven the author of the Ryan opinion has reconsidered and rejected its conclusion that the 2011 amendment to § 1441 made admiralty claims removable absent an independent basis for federal jurisdiction."); Island Ventures, LLC v. K-Mar Supply II, LLC, No. CV 20-2263, 2020 WL 6269136, at *7

REPLY IN SUPPORT OF
MOTION TO REMAND– 3
CASE NO.: 2:21-CV-00842-RAJ-MLP

LAW OFFICES OF
**NICOLL BLACK & FEIG**
A PROFESSIONAL LIMITED LIABILITY COMPANY
1325 FOURTH AVENUE, SUITE 1650
SEATTLE, WASHINGTON 98101
206-838-7555

(E.D. La. Oct. 26, 2020) ("Even Judge Gray Miller—the presiding judge in the Ryan case—issued a later decision concluding that the saving-to-suitors clause prevents removal of maritime cases absent an independent basis of jurisdiction."); Lewis v. Foster, No. CV 18-60-DLB-CJS, 2018 WL 4224445, at *4 n.1 (E.D. Ky. Sept. 5, 2018) ("In fact, in a later case that raised the 'saving to suitors' clause, the Southern District of Texas stepped back from Ryan . . . ."); Forde v. Hornblower New York, LLC, 243 F. Supp. 3d 461, 468 (S.D.N.Y. 2017) ("In fact, the judge who authored Ryan even subsequently changed his mind on the issue."); Brown, 149 F. Supp. 3d at 970 ("It bears mention that the district judge who authored Ryan [ ], the seminal decision holding that the amendment to § 1441(b) rendered obsolete cases like Romero and Chimenti, later changed his mind . . .").

Ryan is disfavored. This Court should follow the vast majority of district courts that have rejected Ryan's reasoning.

**D.    Dunlap Mischaracterizes AML's Position on Jurisdiction.**

Dunlap contends AML "concedes there is federal admiralty jurisdiction of its claims . . ." Response (Dkt. #19) 6:2-3. This is not an accurate characterization of AML's position.

As explained in AML's Motion to Remand, the claims asserted in this action "could have been initially filed in federal court, with subject matter jurisdiction provided under this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. § 1333." Motion to Remand (Dkt. #15) 2:12-15. AML further explained that it "disagrees with Dunlap's characterization of these claims as falling within this Court's 'original jurisdiction.'" Id. at n.4. To be clear, AML contends this Court does not have "original" jurisdiction over AML's claims, which were filed at law in state court, and as a result, they are not removable. See Motion to Remand (Dkt. #15) 4:20-7:4.

REPLY IN SUPPORT OF
MOTION TO REMAND– 4
CASE NO.: 2:21-CV-00842-RAJ-MLP

LAW OFFICES OF
**NICOLL BLACK & FEIG**
A PROFESSIONAL LIMITED LIABILITY COMPANY
1325 FOURTH AVENUE, SUITE 1650
SEATTLE, WASHINGTON 98101
206-838-7555

**E.     Dunlap Mischaracterizes <u>Coronel</u>.**

Dunlap contends "the underlying claim in <u>Coronel</u> was a Jones Act personal injury claim which was not removable in any event under 28 U.S.C. § 1445(a)." Response (Dkt. #19) at n.3. This is not accurate. The plaintiff in <u>Coronel</u> alleged "claims for maintenance, cure, and lost wages under general maritime law" in addition to a Jones Act claim. <u>Coronel v. AK Victory</u>, 1 F. Supp. 3d 1175, 1177 (W.D. Wash. 2014). These general maritime law claims are addressed in section III.A of the <u>Coronel</u> opinion, and it is this analysis upon which AML relied in its Motion. <u>See</u> <u>Coronel</u>, 1 F. Supp. 3d at 1178-1189; Motion to Remand (Dkt. #15) 4:1-5:12. The Jones Act claim was addressed separately in section III.B of the <u>Coronel</u> opinion. <u>Coronel</u>, 1 F. Supp. 3d at 1189-90. AML does not rely upon <u>Coronel</u>'s analysis of the non-removability of Jones Act claims, which is not relevant here. <u>See generally</u> Motion to Remand (Dkt. #15).

Dunlap also references a passage in <u>Coronel</u> stating "The Court declines to join this debate." Response (Dkt. #19) 5:25-26. Dunlap suggests this statement is in reference to the case law regarding the effect of the 2011 amendments to 28 U.S.C. § 1441. <u>See id.</u> It is not. Instead, this passage refers to this Court's awareness that "the practical justifications for continuing to strictly delineate between the federal court's 'admiralty' and 'in law' jurisdiction have greatly diminished over the years," as discussed in cited law review articles and dissenting opinions. <u>Coronel</u>, 1 F. Supp. 3d at 1188-89.  Judge Robart then noted "this court's role is to adhere to the precedent before it," and, in accordance with that precedent, granted plaintiff's motion to remand. <u>Id.</u>

**F.     Certification for Interlocutory Review Pursuant to 28 U.S.C. § 1292(b) is Improper.**

Dunlap asks for certification for interlocutory review in the event AML's Motion to Remand is granted. Response (Dkt. #19) 6:7-15. This is not permissible. Pursuant to 28 U.S.C. § 1447(d), "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court

REPLY IN SUPPORT OF
MOTION TO REMAND– 5
CASE NO.: 2:21-CV-00842-RAJ-MLP

LAW OFFICES OF
**NICOLL BLACK & FEIG**
A PROFESSIONAL LIMITED LIABILITY COMPANY
1325 FOURTH AVENUE, SUITE 1650
SEATTLE, WASHINGTON 98101
206-838-7555

from which it was removed pursuant to section 1442 or 1443 of this title shall be reviewable by appeal or otherwise." Because the instant case involves neither federal officers nor civil rights claims, the exceptions are inapplicable. Moreover, an order remanding a case in its entirety to state court is not an interlocutory decision, but is instead a final order, therefore beyond the scope of 28 U.S.C. § 1292(b). See Huth v. Hartford Ins. Co. of the Midwest, 298 F.3d 800, 802 (9th Cir. 2002). Finally, even if, contrary to the authority discussed above, the Court was inclined to consider certification, the applicable standard is not met. Interlocutory review would not "materially advance the ultimate termination of the litigation," 28 U.S.C. § 1292(b), because appellate review would not resolve any substantive issue of law or fact in this matter, but would instead be focused exclusively on the question of the propriety of removal.

**G.   Conclusion.**

The issues raised in AML's Motion to Remand have been litigated extensively, in this Court and other district courts around the country. This Court should continue to follow the vast majority of district courts that hold maritime claims filed in state court are not removable absent an independent basis for federal jurisdiction. AML's Motion for Remand should be granted.

DATED this 13th day of August, 2021.

NICOLL BLACK & FEIG PLLC

/s/ Jeremy B. Jones
Jeremy B. Jones, WSBA No. 44138
*Attorneys for Plaintiff Alaska Marine Lines, Inc.*

REPLY IN SUPPORT OF
MOTION TO REMAND– 6
CASE NO.: 2:21-CV-00842-RAJ-MLP

LAW OFFICES OF
**NICOLL BLACK & FEIG**
A PROFESSIONAL LIMITED LIABILITY COMPANY
1325 FOURTH AVENUE, SUITE 1650
SEATTLE, WASHINGTON 98101
206-838-7555

## CERTIFICATE OF SERVICE

I hereby certify that on the date set forth below, I electronically filed the foregoing document with the Clerk of the Court using the CM/CF system which will send notification of such filing to the following:

*Attorney for Dunlap Towing Company:*
Barbara L. Holland, WSBA #11852
450 Alaskan Way South, Suite 200
Seattle, Washington 98104
barbara.holland@cwn-law.com
Phone (206) 502 4251
Fax (206) 502 4253

John D. Kimball
Emma Jones
Blank Rome
1271 Avenue of the Americas
New York, NY 10020
jkimball@blankrome.com

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed on August 13th, 2021, at Seattle, Washington.

/s/ Jeremy B. Jones
Jeremy B. Jones, WSBA No. 44138

REPLY IN SUPPORT OF
MOTION TO REMAND– 7
CASE NO.: 2:21-cv-00842-RAJ-MLP

LAW OFFICES OF
**NICOLL BLACK & FEIG**
A PROFESSIONAL LIMITED LIABILITY COMPANY
1325 FOURTH AVENUE, SUITE 1650
SEATTLE, WASHINGTON 98101
206-838-7555