UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALASKA MARINE LINES, INC., <br><br> Plaintiff, <br><br> v. <br><br> DUNLAP TOWING COMPANY , <br><br> Defendant. | Case No. C21-842-RAJ-MLP <br><br> REPORT AND RECOMMENDATION |

## I.   INTRODUCTION

This matter is before the Court on Plaintiff's motion to remand ("Mot." (dkt. # 15)). Defendant filed a response ("Resp." (dkt. # 19)) and Plaintiff filed a reply ("Reply" (dkt. # 20)). The Court heard the argument of counsel on September 14, 2021 (dkt. # 26). Having considered the pleadings, the balance of the record, and the governing law, the Court finds that subject-matter jurisdiction over this action is lacking and therefore recommends that this matter be remanded to the King County Superior Court.

## II.   BACKGROUND

This is a matter arising under the "saving to suitors" clause of 28 U.S.C. § 1333(1). Plaintiff Alaska Marine Lines, Inc. ("AML") claims that Defendant Dunlap Towing Company

REPORT AND RECOMMENDATION - 1

1  ("Dunlap") damaged AML's barge NANA PROVIDER by allowing the barge to run aground
2  while towing it in the general vicinity of Seymour Narrows, British Columbia. (Compl. (Dkt. #
3  1-1) at ¶¶ 3.6-3.8.) AML filed a lawsuit against Dunlap in King County Superior Court for
4  negligence, breach of contract, and gross negligence. (*Id.* at ¶¶ 4.1-6.5.) Dunlap timely removed
5  the action to this Court asserting this Court's admiralty jurisdiction under 28 U.S.C. § 1333(1).
6  Dunlap's argument is that the saving to suitors clause does not apply in this matter because of a
7  2011 amendment to the removal statute, 28 U.S.C. § 1441. This amendment removed the phrase
8  "arising under" federal law from section 1441(b) relating to removal based on diversity of
9  citizenship.[1] AML counters that the 2011 amendment did not alter long-established precedent
10 holding that maritime claims filed in state court are not removable absent diversity or federal
11 question jurisdiction. (Mot. at 4 (citing *Coronel v. AK Victory*, 1 F. Supp. 3d. 1175 (W.D. Wash.
12 2014).)

### III.   DISCUSSION

A civil action filed in state court may be removed to federal court if the federal court would have original subject matter jurisdiction over the claim. 28 U.S.C. § 1441. Subject matter jurisdiction is proper in a removal case where jurisdiction is established on the basis of diversity of citizenship of the parties, or on the basis of federal question jurisdiction. 28 U.S.C. §§ 1331-32; *see also* 28 U.S.C. § 1441(a)-(b). The removal statute is "strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)). "If a case is improperly removed, the federal court must remand the

---

[1] The amendment was included in the Federal Courts Jurisdiction and Venue Clarification Act of 2011, § 103, Pub.L. No. 112–63, 125 Stat. 759. This amendment essentially limited the ban on removal by a home-state defendant to suits under the diversity jurisdiction.

REPORT AND RECOMMENDATION - 2

action because it has no subject-matter jurisdiction to decide the case." *ARCO Env'tl. Remediation, L.L.C. v. Dep't of Health & Envt'l. Quality of Mont.*, 213 F.3d 1108, 1113 (9th Cir. 2000). It is a "longstanding, near-canonical rule that the burden on removal rests with the removing defendant." *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006).

Section 1333(1) of Title 28 of the United States Code grants the federal district courts "original jurisdiction, exclusive of the courts of the States, of any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled." This statutory language is essentially the same as Section 9 of the Judiciary Act of 1789, stating that the federal district courts, "shall . . . have exclusive original cognizance of all civil cases of admiralty and maritime jurisdiction, . . . saving to suitors, in all cases, the right of a common law remedy, where the common law is competent to give it."

Dunlap's position is that the 2011 amendments to 28 U.S.C. § 1441(b) removed the language "arising under" from the removal statute relating to diversity and, as a result, created federal court original jurisdiction over *all* admiralty claims whether at law or in admiralty. (Resp. at 3-4.) [2] To understand Dunlap's argument, the Court must briefly address the Supreme Court's holding in *Romero v. Int'l Terminal Operating Co.,* 358 U.S. 354 (1959). The plaintiff in *Romero*, a seaman who was injured while working on a cargo vessel, originally filed his claims in federal court under general maritime law seeking maintenance, cure, and unseaworthiness. 358 U.S. at 360. The district court dismissed his claims for lack of jurisdiction as plaintiff's

---

[2] As explained in more detail by Judge Robart in *Coronel*, although the same substantive law applies whether a suit is brought at law or in admiralty, a suit in admiralty is unique in several ways. *Coronel v. AK Victory*, 1 F. Supp. 3d 1175, 1182 (W.D. Wash. 2014). For example, an action brought in admiralty can be asserted *in rem* against a vessel but does not afford the parties a right to a jury trial. *Id.* (citations omitted). A plaintiff asserting a "right peculiar to the law of admiralty may be enforced either by a suit in admiralty or by one on the law side of the court." *Id.* (quoting *Seas Shipping Co. v. Sieracki*, 328 U.S. 85, 88 (1946).) Here, AML chose to enforce its right by filing a suit at law in state court.

REPORT AND RECOMMENDATION - 3

claims did not confer jurisdiction in federal maritime law and plaintiff had not alleged diversity of citizenship. *Id.* at 358. The court of appeals affirmed, and the Supreme Court granted certiorari to settle a conflict among the courts of appeals as to whether the federal courts had federal question jurisdiction over maritime claims "at law" as opposed to claims in admiralty. *Id.*

The *Romero* Court began its analysis with an overview of the history of the saving to suitors clause. 358 U.S. at 362-3. Citing to the Judiciary Act of 1789, the majority in *Romero* explained that although admiralty jurisdiction is exercised by the federal courts before a judge without a jury, the common law remedies pursuant to the saving to suitors clause were enforceable in the state courts and the lower federal courts if there is diversity of citizenship. Thus, "[t]he role of the States in the administration of maritime law was preserved in the famous 'saving clause' – 'saving to suitors, in all cases, the right of a common law remedy, where the common law is competent to give it.'" *Id.* at 362. Conversely, the exclusive federal jurisdiction of maritime matters was premised on the need for the federal courts to "enforce the comprehensive federal interest in the law of the sea." *Id.* at 363. These claims were, and still are, adjudicated pursuant to the historic procedures in admiralty, without a jury. *Id.* Accordingly, while the substantive law may be the same, the manner in which they are adjudicated differs whether the case is at law or in admiralty.

As relevant in *Romero*, the Judiciary Act of 1875, codified at 28 U.S.C. § 1331, enlarged federal court jurisdiction by opening its doors to "all suits of a civil nature at common law or in equity, . . . arising under the Constitution or laws of the United States . . . ." Eighty years after enactment, parties in maritime cases began to argue that this enlargement of federal jurisdiction included *all* maritime claims whether at law or in admiralty because maritime claims "arise under the laws of the United States." *Romero*, 358 U.S. at 363. The majority in *Romero* was

troubled by this argument as it rendered the saving to suitors clause null and essentially eliminated the suitors' traditional choice of forum for common law claims. The majority found it incredible that such sea change in the federal court's admiralty jurisdiction could happen surreptitiously without any legal scholar, judge, or commentator noticing for almost eighty years. *Id.* at 370 ("The history of archeology is replete with the unearthing of riches buried for centuries. Our legal history does not, however, offer a single archeological discovery of new, revolutionary meaning in reading on old judiciary enactment.") The *Romero* Court therefore declined to expand the federal court's jurisdiction over all admiralty claims based on a broad reading of the Judiciary Act of 1875. *Id.* at 380 ("[W]e are pointed to no considerations which lead us to overturn the existing maritime jurisdictional system – a system which is as old, and as justified by the experience of history, as the federal courts themselves.").

   Dunlap does not substantively address the traditional role that the state courts have played with respect to admiralty claims at law and in fact spends very little time addressing the saving to suitors clause in its response to the motion to remand, only suggesting that the difference between a claim brought at law versus in admiralty does not matter for jurisdictional purposes. (Resp. at 4 n.2.) Dunlap instead relies on its overly technical argument that the amendment to section 1441, removing the phrase "arising under," eliminated the barrier to removal of admiralty claims filed at law in state court. (*Id.*) Dunlap argues that the Seventh Circuit's opinion in *Lu Junhong v. Boeing*, 792 F.3d 805 (7th Cir. 2015), held that *Romero*'s holding was no longer good law because the 2011 Amendment removed the "arising under" and "other" language upon which *Romero*'s holding relied. *Id.* at 817. Dunlap reasons that since "[s]ection 1441(a) still permits federal courts to hear cases over which they have original jurisdiction while § 1333(1) still grants original jurisdiction over admiralty claims to federal

REPORT AND RECOMMENDATION - 5

1 courts; therefore, when the language of § 1441(b) changed, the barrier to removal under
2 admiralty jurisdiction alone was eliminated." (Resp. at 3.) Thus, according to Dunlap, the plain
3 language of the amended statute allows removal if there is original jurisdiction in the federal
4 court in admiralty.

5 Having reviewed *Romero* and *Junhong*, the Court finds that Dunlap offers the Court a
6 very strained reading of both decisions. To begin, the majority's opinion in *Romero* was not
7 based solely on its interpretation of the phrase "arising under," but rather the Court rejected the
8 offer to read "arising under" as expanding federal court jurisdiction, and instead, reinforced the
9 historic option of a maritime suitor pursuing a common-law remedy to select his own forum,
10 state or federal. 358 U.S. at 379-380. On the other hand, the Seventh Circuit, in *Junhong*,
11 implicitly held that after the 2011 amendments, the defendant was free to remove the matter to
12 federal court despite the saving to suitors clause because section 1333(1) concerns venue rather
13 than subject-matter jurisdiction. 792 F.3d at 818. First, no court appears to have adopted the
14 Seventh Circuit's reasoning in *Junhong*. More importantly, the Seventh Circuit noted that the
15 plaintiffs had not even argued that the saving to suitors clause applied and thus the Seventh
16 Circuit's discussion of it was dicta by its own admission. *Id*. ("Perhaps it would be possible to
17 argue that the saving-to-suitors clause itself forbids removal, without regard to any language in
18 § 1441. But plaintiffs, who have not mentioned the saving-to-suitors clause, do not make such an
19 argument. We do not think that it is the sort of contention about subject-matter jurisdiction that a
20 federal court must resolve even if the parties disregard it.")

21 This Court accordingly recommends that the majority opinion in *Romero* govern this
22 motion and that considerations of history and policy surrounding the existing maritime
23 jurisdiction be followed until Congress clearly says otherwise. This Court is also mindful of the

Supreme Court's directive that the removal statute should be strictly construed and any doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction. *Moore-Thomas*, 553 F.3d at 1244 (quotation omitted).

## IV.  CONCLUSION

For the forgoing reasons, the Court recommends that this case be REMANDED to the King County Superior Court. A proposed Order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **fourteen (14) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14)** days after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **October 22, 2021.**

The Clerk is directed to send copies of this order to the parties and to the Honorable Richard A. Jones.

Dated this 4th day of October, 2021.

MICHELLE L. PETERSON
United States Magistrate Judge